IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JOE CUMMINGS BONNER JR.**,

    Plaintiff,

  v.

**DR. ANDERSON** and **DR. BOISVERT**,

    Defendants.

Case No. 3:25-cv-292-SI

**ORDER**

**Michael H. Simon, District Judge.**

    Plaintiff Joe Cummings Bonner, Jr. currently is an inmate at Deer Ridge Correctional Institution ("Deer Ridge"). Before that, he was an inmate at Coffee Creek Correctional Facility ("Coffee Creek"). Plaintiff, representing himself, brings this case under 42 U.S.C. § 1983, but he lists in his amended complaint that the underlying constitutional or federal law that forms the basis of his § 1983 claim is "medical malpractice/medical negligence." Before the Court are respective motions to dismiss filed by each defendant.

    Courts evaluate the claims in a *pro se* complaint for their substance and whether they provide "fair notice" of a valid claim, and not their label or specifically-cited authority. *See Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) *see also Rosado v. Roman*, 2017 WL

PAGE 1 – ORDER

3473177, at *2 (D. Or. Aug. 11, 2017) ("Mindful of the liberal construction a court is to give *pro se* pleadings, the Court looks to the substance of Rosado's claims and not the label he provides."). Thus, the Court considers whether Plaintiff adequately alleges a § 1983 claim asserting a violation of his Eighth Amendment right to adequate medical treatment.

**A. Motion to Dismiss Legal Standards**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

PAGE 2 – ORDER

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

**B. Plaintiff's Eighth Amendment Claim**

"A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's medical needs." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). "To establish an Eighth Amendment violation, a prisoner must satisfy both the objective and subjective components of a two-part test." *Id.* (quotation marks omitted). First, the alleged deprivation must be "sufficiently serious" under an objective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The objective question of whether a prison officer's actions have exposed an inmate to a substantial risk of serious harm is a question of fact, and as such must be decided by a jury if there is any

room for doubt." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075-76 (9th Cir. 2013).

Second, the prisoner must show that prison officials acted with deliberate indifference, meaning an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Toguchi*, 391 F.3d at 1057 (describing the two-part test). "This 'subjective approach' focuses only 'on what a defendant's mental attitude actually was.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer*, 511 U.S. at 839). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Toguchi*, 391 F.3d at 1057 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)).

### 1. Dr. Anderson

Plaintiff alleges that he had an infection in his toe that started as an undefined "toe injury" on January 20, 2025, at Coffee Creek. Plaintiff contends that Dr. Anderson should have sent Plaintiff to a foot specialist at that time. Plaintiff also alleges that Dr. Anderson failed properly to respond to his "kytes," or written communications, requesting medical assistance. Plaintiff asserts that he requested medical care from Dr. Anderson, but she responded that Plaintiff's problem would be handled at his next institution because he was being transferred. Plaintiff indicates that he was transferred to Deer Ridge on February 1, 2025. Plaintiff alleges that he continued to ask for medical help at Deer Ridge, did not receive adequate care, his toe

infection eventually went to his bone, and he had emergency surgery to amputate his toe. He attaches hospital records from his inpatient procedure, from May 6, 2025 to May 8, 2025.

Plaintiff fails to allege an Eighth Amendment claim against Dr. Anderson because Plaintiff fails to allege that his toe injury was sufficiently serious from January 20, 2025 to February 1, 2025, the time he was at Coffee Creek, to render the care provided by Dr. Anderson violative of the Eighth Amendment. Plaintiff offers no description of his injury or infection at that time other than to identify that his toe injury started around January 20th. But an infection that starts, for example, as an ingrown toenail or a simple cut, and is allowed to progress to a serious bone infection more than three months later is not necessarily a serious medical need at the beginning when it is a relatively benign medical issue. Nor would allowing such a minor injury to be treated 10 days later at a new institution, that presumably can more easily follow up with its own treatment than treatment begun at a different institution, be deliberately indifferent. If, on the other hand, as of January 20, 2025, Plaintiff already had a serious infection that was in danger of infecting his bone, that might be a different situation. Plaintiff's allegations simply do not provide sufficient information. The Court grants Dr. Anderson's motion to dismiss Plaintiff's Eighth Amendment claim.

### 2. Dr. Boisvert

Plaintiff alleges that when he arrived at Deer Ridge, Dr. Boisvert did nothing to help Plaintiff's toe other than have nurses change the bandages and take x-rays. Plaintiff alleges that he was not sent to a specialist until the infection had spread to his bone, resulting in a required amputation.

The Court accepts that an infection requiring amputation is a serious medical need. But Plaintiff alleges insufficient facts relating to Dr. Boisvert to show his deliberate indifference. Plaintiff does not allege that he sent any communications to Dr. Boisvert (or medical in general)

PAGE 5 – ORDER

asking for care, complaining about pain in or discharge from his toe, or otherwise alerting Dr. Boisvert to the seriousness of Plaintiff's toe problem. Plaintiff does not describe how many visits he had at medical or specifically with Dr. Boisvert about his toe to support that the seriousness of his toe problem was obvious. Nor does Plaintiff allege whether anyone (including Plaintiff) suggested a specialist that Dr. Boisvert, or anyone else, rejected or delayed. Plaintiff's broad allegations that Dr. Boisvert "did nothing more" than have Plaintiff's bandages changed and Plaintiff eventually required an amputation are insufficient by themselves to show deliberate indifference. The Court grants Defendant Dr. Boisvert's motion to dismiss.

## C. Conclusion

Plaintiff fails to allege sufficient facts showing an Eighth Amendment violation by Defendants. The Court GRANTS the motions to dismiss by Dr. Anderson, ECF 24, and Dr. Boisvert, ECF 26. Plaintiff, however, requested the appointment of volunteer pro bono counsel. ECF 27. The Court GRANTS IN PART that motion and by separate order appoints counsel for the limited purpose of assisting Plaintiff in drafting a second amended complaint, if Plaintiff can cure the deficiencies identified in this Order. Plaintiff's second amended complaint shall be due 30 days after counsel accepts the appointment.

**IT IS SO ORDERED.**

DATED 10th day of November, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge